UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TLC VISION (USA) CORPORATION, ) | |
| & TLC HOLDINGS, INC., ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV01855 ERW |
| ) | |
| JARED CHRISTOPHER FREEMAN,, ) | |
| DAWN HOLSTED, MARY JO'EL ) | |
| STURM, STEPHANIE SOLES, ) | |
| STEPHANIE GOINS, & NJOY ) | |
| VISION!, LLC, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dissolve and Amend Temporary Restraining Order. [ECF No. 96]. Defendants ask the Court to order the following: dissolve the Temporary Restraining Order issued on October 24, 2012, as it relates to Defendant Sturm and nJoy! Vision! on May 4, 2013; and amend the TRO to recognize the upcoming contractual end to Defendants Jared Freeman, Stephanie Soles (Strojny)[1], and Stephanie Goins' employment restrictions. Plaintiffs have filed an Opposition to Defendants' Motion. [ECF No. 99].

**I. BACKGROUND**

On October 15, 2012, Plaintiffs filed a complaint against Jared Christopher Freeman, Dawn Holsted, Mary Jo'el Sturm, Stephanie Soles, Stephanie Goins, and NJoy Vision!, LLC ("nJoy"), asserting claims for Breach of Contract, Tortious Interference with Contractual and/or

---

[1]The parties variously refer to Defendant Stephanie Soles Strojny as Stephanie Soles, Stephanie Strojny, and Stephanie Soles Strojny. Consistent with the Complaint, the Court will refer to her as Defendant Soles.

Business Relationships, and Civil Conspiracy [ECF No. 1]. In their Complaint, Plaintiffs sought an Order temporarily, preliminarily, and permanently enjoining Defendants from certain activities, which Plaintiffs allege violate employment agreements executed by the parties. *Id*. On October 24, 2012, the Court granted Plaintiffs' Motion for a Temporary Restraining Order ("TRO") with respect to Defendants Freeman, Sturm, Soles, Goins, and nJoy.[2] [ECF No. 17]. On November 2, 2012, the Court issued an Amended Memorandum and Order. [ECF No. 41]. On November 13, 2012, through November 19, 2012, a hearing was held concerning preliminary injunctive relief. Plaintiffs subsequently filed a Motion for Preliminary Injunction [ECF No. 67], and a Post-Hearing Brief and Memorandum in Support of their Motion for Preliminary Injunction [ECF No. 68]. Defendants also filed a Post-Hearing Brief [ECF No. 69]. Both parties filed Responsive Post-Hearing Briefs [ECF Nos. 71, 72]. Still pending before the Court is Plaintiffs' Motion for Preliminary Injunction.

On October 19, 2012, the Individual Defendants filed a two-count lawsuit in the District Court of Oklahoma County seeking an injunction prohibiting Plaintiffs from enforcing the non-compete and non-solicitation provisions of their employment agreements and declaring such terms and provisions void and unenforceable. The individual Defendants also sought damages for tortious interference with contract. The case was removed to the Western District of Oklahoma on October 22, 2012. On January 8, 2013, the Oklahoma District Court denied the motion for a temporary restraining order and temporary and permanent injunction. On March 8, 2013, the

---

[2]Defendant Holsted's last day of work was April 30, 2012, and the period to which her restrictive covenants applied expired no later than October 31, 2012. Thus, as the TRO was issued on October 24, 2012, the Court found that preliminary relief was not warranted as to Defendant Holsted.

Oklahoma Court transferred its case to this Court (4:13CV00431 ERW). Defendants filed the instant Motion to Dissolve and Amend the TRO on April 18, 2013.

**II. DISCUSSION**

Defendants ask the Court to dissolve in part, and modify in part, the TRO to recognize the contractual end of individual Defendants restrictions. Defendants allege that the Court based its ruling in the TRO, as to Defendants Sturm, Freeman, Soles and Goins, on their contractual non-competition provisions that Plaintiffs requested the court enforce against the individual Defendants. The restrictions proscribed in those provisions were explicitly limited to the term of his/her employment and a period of one (1) year thereafter. [ECF Nos. 1-10, at 2; 1-8, at 1; 1-13, at 1; and 1-15, at 1]. Defendants maintain that Plaintiffs sought to enforce only those contractually-limited one-year terms as to Defendants Sturm, Freeman, Soles and Goins [ECF No. 97, at 1], and that those one-year periods will begin to expire shortly. Defendants also note that Plaintiffs' Motion for Preliminary Injunction requests that the Court restrict nJoy's activities through May 4, 2013, a deadline also shortly to expire. [ECF No. 97, at 5]. The Court will now examine Defendants' Motion as it relates to the various Defendants:

**A. Defendant nJoy**

In their Motion for Preliminary Injunction, Plaintiffs ask the Court to enjoin Defendant nJoy through May 4, 2013. [ECF 67, at ¶ F (a) - (d)]. In the instant Motion, Defendants ask the Court to dissolve the TRO as it relates to Defendant nJoy. [ECF No. 97, at 6]. Although Plaintiffs, in their Response in Opposition, discuss why dissolution and amendment of the TRO are not warranted with respect to Defendants Holsted, Sturm, Freeman, Soles, and Goins, they do not argue that relief should be denied as to nJoy. Therefore, consistent with Plaintiffs' requested relief in their Motion for Preliminary Injunction, and in accordance with Defendants' instant

3

Motion, the TRO is dissolved with regard to nJoy, except for the following, for which nJoy is permanently enjoined:

> "Defendant nJoy Vision! LLC, and all other persons who are in active concert or participation with it who receive actual notice of the Court's Order, be enjoined" from "divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any confidential information as detailed in the Complaint.

[ECF No. 67, at ¶ F(e)].

### B. Defendant Holsted

As Defendant Holsted was not enjoined in the Court's TRO, Defendants' Motion does not request dissolution or amendment on her behalf. In the TRO, the Court noted that Holsted's last day of work was April 30, 2012, and as her employment agreement precluded competition for a six-month period following termination, the period to which her restrictive covenants applied expired no later than October 30, 2012. Therefore, in the TRO issued October 24, 2012, the Court did not enjoin Defendant Holsted. Plaintiffs, however, contend that equitable considerations dictate that Defendant Holsted be enjoined from the date of the TRO. [ECF No. 99, at 2]. Plaintiffs argue that Defendant Holsted acted in competition with TLC during her employment, planning the venture that eventually became nJoy. *Id.* at 4. Plaintiffs allege that, as Defendant Holsted acted in violation of her agreement, it would be reasonable and equitable for this Court to enforce the terms of her agreement *from the date of the TRO*. Even if the Court was to extend Holsted's restrictive covenant in accordance with Plaintiffs' suggestion, from the date of the TRO, the Court notes that the six-month period would have already expired on April 24,

4

2013. Therefore, the Court finds an extension of Defendant Holsted's restrictive covenant unwarranted.

### C. Defendant Sturm

Defendants contend that Sturm's non-competition restrictions expire by their own terms on May 4, 2013. However, as the Court Order does not specify that the restrictions on Defendant Sturm end when the contractual restriction ends, Defendants ask the Court to dissolve the TRO as it pertains to Defendant Sturm. In Plaintiffs' Motion for Preliminary Injunction, Plaintiffs request that the Court enjoin Defendant Sturm "through May 4, 2013" from various forms of competition and solicitation. [ECF No. 67, at 2].

Defendants argue that, in their request for a preliminary injunction, Plaintiffs relied upon a non-competition restriction that is expressly limited to one year from the date of Defendant Sturm's termination. *See* the "Confidentiality, Noncompetition and Equipment Agreement" [ECF No. 1-10, at 2]. As Defendant Sturm's employment with TLC terminated on May 4, 2012, the one-year anniversary of that termination is May 4, 2013. Defendants also contend that Sturm's non-competition provision is appropriately enforced from the date her employment terminated, and not from the date of the TRO. Defendants argue that it is well-settled under Missouri law, that when an injunction is imposed to enforce a non-competition agreement, the injunctive period begins on the date the employment ends. [ECF No. 97, at 4]. In response to Defendants' contentions, however, Plaintiffs argue that equitable considerations support enforcing Defendant Sturm's non-compete agreements from the *date of the TRO*. [ECF No. 99, at 4]. Plaintiffs contend that TLC demonstrated, at the preliminary injunction hearing, that Sturm violated her non-compete not only immediately after her employment ended, but also during her employment as a senior executive at TLC. *Id.* If the Court enforces Defendant Sturm's

5

agreement from the date of her termination, Plaintiffs state that TLC will not obtain the benefit it sought entering into the agreement. *Id.* at 5. Plaintiffs maintain that Missouri courts have indicated that a non-compete agreement can be enforced from the date of a decree's issuance, if equitable considerations so dictate. *Id.* at 4. Here, Plaintiffs seek to further enjoin Defendant Sturm until October 24, 2013, which reflects one year of contractual restraint enforced from the October 24, 2012 date of the TRO. Thus, Plaintiffs, in their Response in Opposition to Defendants Motion to Dissolve and Amend Temporary Restraining Order, argue in favor of equitable relief beyond that which they previously motioned the Court to grant.

**D. Defendants Freeman, Goins and Soles**

Defendants Freeman, Soles and Goins also entered into agreements that included one year post-employment restrictions. Their respective employments ended on September 21, 2012, July 17, 2012, and July 18, 2012. *See Complaint* [ECF No. 1, at ¶¶ 35, 55, and 49]; *Amended Complaint* [ECF No. 70 at ¶¶ 35, 55, and 49]. Defendants, therefore, note that the restrictions upon Defendants Freeman, Soles, and Goins' future employment, if enforceable, would end upon September 21, 2013, July 17, 2013, and July 18, 2013, respectively. For judicial efficiency, Defendants ask the Court to modify the temporary restraining order to clarify that the restrictions upon those Defendants' employment, and nJoy's ability to work with them, end upon the one-year anniversaries of ending their employment with TLC. [ECF No. 97, at 6].

In Plaintiffs' Motion for Preliminary Injunction, Plaintiffs seek to enjoin Defendants Freeman, Soles and Goins from various forms of competition through September 21, 2013, July 17, 2013[3], and July 18, 2013, respectively. However, in their Response in Opposition to

---

[3]The Court notes that in the Complaint, Plaintiffs state that Defendant Goins' termination date was July 18, 2012. [ECF Nos. 1, 70, at ¶ 49]. However, in their Motion for Preliminary Injunction, Plaintiffs ask for her to be enjoined until July 17, 2013, the stated one-year

6

Defendants Motion to Dissolve and Amend Temporary Restraining Order, Plaintiffs argue in favor of equitable relief beyond that which they previously motioned the Court to grant. Plaintiffs maintain that the tolling provisions in Defendants Freeman, Soles and Goins' agreements should be enforced. [ECF No. 99, at p. 2]. Plaintiffs state that the non-competition agreements of each of these three Defendants contain the following provision:

> The non-competition and non-solicitation obligations contained in Section 1 shall be extended by the length of time during which Employee shall have been in breach of said provisions.

[ECF Nos. 1-8, at 2, 1-13 at 2, 1-15 at 2]. Plaintiffs argue that evidence TLC presented at the preliminary injunction hearing establishes that Defendants Freeman, Soles, and Goins violated their non-compete agreements from the time of their resignations until the date of the TRO. [ECF No. 99, at 2]. According to Plaintiffs, each Defendant left TLC to immediately begin working for nJoy – a direct competitor of TLC. *Id.* Given Defendants Freeman, Soles, and Goins' violations of their non-compete agreements with TLC, Plaintiffs argue it would be reasonable for this Court to enforce the tolling provisions contained in their agreements. *Id.* at 3. Plaintiffs maintain that, as with other provisions contained in non-compete agreements, Missouri courts examine the reasonableness of tolling provisions in light of the circumstances to determine whether to enforce them. *Id.* Plaintiffs contend that the circumstances here establish that enforcement of the tolling provisions in the non-compete agreements signed by Defendants Freeman, Soles, and Goins is an appropriate remedy. *Id.* Therefore, if the Court applies the tolling provisions in the Defendants' agreements, Defendants Freeman, Soles, and Goins will be

---

anniversary of her last date of employment. [ECF No. 67, at ¶ C(a)-(d)].

further enjoined from the anniversary of their termination date until the one-year anniversary date of the TRO, October 24, 2013.

With regard to Defendants Sturm, Freeman, Soles, and Goins, Plaintiffs now ask for relief that exceeds their detailed requests in their Motion for Preliminary Injunction. As to Defendant Sturm, Plaintiffs argue that equitable considerations support enforcement of her one year non-compete term from the date of the TRO. As to Defendants Freeman, Goins, and Soles, Plaintiffs argue that the contractual tolling provisions should be enforced. To enable Defendants to respond to these contentions, and the Court to assess the legal merits of their arguments, the Court will conduct a hearing. The Court will, however, grant Defendant's Motion as to Defendant nJoy, with the exception noted above concerning TLC's confidential information.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dissolve and Amend Temporary Restraining Order [ECF No. 96] is **GRANTED in part and DENIED in part**. Defendants' Motion is granted as to Defendant nJoy, but denied as to Defendants Sturm, Freeman, Goins, and Soles. As to nJoy, the Court dissolves the TRO, with the exception that nJoy and all other persons who are in active concert or participation with it who receive actual notice of the Court's Order, be enjoined from divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any confidential information as detailed in the Complaint.

**IT IS FURTHER ORDERED** that a hearing will be held in the United States District Court for the Eastern District of Missouri, Courtroom 10 South, on **Tuesday, May 21, 2013**, at **9:00 a.m.** The parties will present argument concerning the legal merits of enjoining Defendants

Sturm, Freeman, Soles, and Goins for the one-year term of Defendants' contractual post-employment restrictions, commencing from the date of the entry of the TRO in this matter.

Dated this __6th__ day of May, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE