UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TLC VISION (USA) CORPORATION, | ) | |
| & TLC HOLDINGS, INC., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01855 ERW |
| | ) | |
| JARED CHRISTOPHER FREEMAN, | ) | |
| DAWN HOLSTED, MARY JO'EL, | ) | |
| STURM, STEPHANIE GOINS, & | ) | |
| NJOY! VISION!, LLC, | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Dawn Holsted's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). [ECF No. 76]. Also before the Court is Defendant Mary Jo'el Sturm's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). [ECF No. 78]. Defendants Holsted and Sturm filed the instant Motions on December 21, 2012. Plaintiffs TLC Vision (USA) Corporation and TLC Holdings, Inc. ("Plaintiffs") filed Memorandums in Opposition to Defendants' Motions to Dismiss on January 14, 2013. [ECF Nos. 86, 87]. Defendants filed Replies on January 16, 2013. [ECF Nos. 88, 89]. For the reasons that follow, Defendants' Motions to Dismiss will be denied.

**I. BACKGROUND**

Plaintiffs have filed a Complaint against Defendants Jared Christopher Freeman, Dawn Holsted, Mary Jo'el Sturm, Stephanie Soles, Stephanie Goins, and nJoy! Vision!, LLC, asserting claims for Breach of Contract, Tortious Interference with Contractual and/or Business

Relationships, and Civil Conspiracy [ECF No. 1].[1]  TLC is a Delaware corporation, with its principal place of business in Chesterfield, Missouri.  According to Plaintiffs, TLC is engaged in the highly competitive business of providing access to refractive lasers and related services needed by optometrists and ophthalmologists to provide vision correction services to patients. *See* [ECF No. 70, at ¶ 11].  Plaintiffs state that TLC provides turnkey surgical centers for ophthalmic surgeons, and that it has developed the nation's largest network of ophthalmologists and optometrists, referred to as "affiliate doctors," many of whom refer patients for surgery at TLC centers.  *Id.* at ¶¶ 11-12.  Plaintiffs claim TLC has "developed and/or acquired and maintained certain confidential, proprietary, and trade secret information regarding its business, processes, and customers including, but not limited to. . . Affiliate Doctor lists and contact information."  *See Id.* at ¶ 22.

It is undisputed that Defendant Holsted is a former TLC senior vice president, and Defendant Sturm is a former TLC vice president and clinical director.  In consideration of employment, or continued employment, with TLC, Defendant Sturm executed a Confidentiality, Non-Competition, and Equipment Agreement [ECF Nos. 1-10, and 70-4], and Holsted executed a Confidentiality, Non-Solicitation and Assignment Agreement, and a Non-Competition Agreement with Plaintiffs [ECF Nos. 1-3, 1-4, 70-1, and 70-2].  The Agreement signed by Defendant Sturm provided that she would be governed by Missouri law, and stated that the parties submitted to jurisdiction and venue in the County of St. Louis, and, in the event federal jurisdiction existed, the District Court for the Eastern District of Missouri, for resolution of any

---

[1]The Court granted Plaintiffs' Motion for Leave to File Amended Complaint on December 5, 2012.  [ECF No. 70].

2

disputes arising out of the agreements [ECF No. 1-10 at 5; and 70-4, at 5].[2] It is undisputed that Defendant Holsted's restrictive covenant agreements stated that she would be governed by Minnesota law [ECF Nos. 1-3, at ¶ 17; 1-4, at¶ 8; 70-1, at ¶ 17; and 70-2, at ¶ 8].

The employment agreements preclude, for a one-year period following termination of Defendant Sturm's TLC employment relationship, and for a six month period following termination of Defendant Holsted's employment relationship, defendants from (a) competing in the Tulsa and Oklahoma City markets, (b) soliciting TLC affiliate doctors and surgeons, at a minimum, in the Tulsa and Oklahoma City markets, (c) soliciting TLC employees, and (d) using or disclosing TLC's confidential information. Plaintiffs contend that Defendants violated their employment confidentiality and non-competition agreements by working for a TLC competitor, recruiting TLC employees, soliciting TLC customers, and stealing TLC's confidential information.

In their Complaint, Plaintiffs sought an Order temporarily, preliminarily, and permanently enjoining Defendants from certain activities, which Plaintiffs allege violate employment agreements executed by the parties. On October 21, 2012, Defendants filed a Joint Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order [ECF No. 12]. On October 22, 2012, a motion hearing was held regarding TLC's Motion for a Temporary Restraining Order

---

[2]When opposing Plaintiffs' motion for the TRO, Defendant Sturm argued that two subsequently executed documents, a July 1, 2010 letter from TLC's human resources manager to Defendant Sturm [ECF No. 12-2, Prelim. Inj. Hrg. - Def. Exh. 38], and a July 8, 2010 letter from TLC's human resources manager, addressed to Defendant Sturm [ECF No.14-2], superceded and modified the Missouri choice of law provision contained in her non-solicitation and non-competition agreements. The Court ultimately disagreed, finding that the Missouri choice of law provision still governed, as did Defendant Sturm's submission to this Court's jurisdiction. [ECF No. 41, at 7-9]. Here, although Defendants dispute the Court's conclusions in the Amended Memorandum and Order granting the TRO, the Court need not reach this argument, as the Motion is denied on other grounds.

("TRO"). On October 24, 2012, the Court granted Plaintiffs' Motion for a TRO with respect to Defendants Freeman, Sturm, Soles, Goins, and nJoy. [ECF No. 17]. As Defendant Holsted's last day of work was April 30, 2012, and the period to which her restrictive covenants applied expired no later than October 31, 2012, the Court found that preliminary relief was not warranted as to Defendant Holsted. *Id.* at 11. On November 2, 2012, a Motion hearing was held regarding Defendant nJoy's Motion to Reconsider and Vacate the TRO [ECF No. 20] as it related to Defendant nJoy, and, the Court subsequently issued an Amended Memorandum and Order to Plaintiffs' Motion for TRO. [ECF No. 41]. At the end of October, Defendant nJoy filed a Motion to Dismiss based on lack of personal jurisdiction, which was denied by this Court. [ECF No. 90].

On November 13, 2012, through November 19, 2012, a hearing was held concerning preliminary injunctive relief, and Plaintiffs subsequently filed a Motion for Preliminary Injunction [ECF No. 67]. On November 20, 2012, Plaintiffs filed their Motion for Leave to File an Amended Complaint. [ECF No. 56]. On December 5, 2012, the Court granted that motion. [ECF No. 70]. On December 21, 2012, Defendants filed the instant Motions to Dismiss.

Defendant Holsted asks the Court to dismiss Plaintiffs' First Amended Complaint as it relates to her, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). [ECF No. 76]. Defendant Holsted notes that her Confidentiality, Non-Solicitation and Assignment Agreement and her Non-Competition Agreement with Plaintiffs contained forum selection clauses explicitly stating that the exclusive jurisdiction of any dispute relating to or arising out of those Agreements is to be in Minnesota courts.[3] Defendant Holsted contends that a

---

[3]Specifically, the choice of law and forum selection clauses in both of Defendant Holsted's Agreements read as follows:
This Agreement will be deemed to be made and entered into in the State of Minnesota,

4

motion to dismiss is properly granted when a contractual forum selection clause mandates that claims be pursued in a venue other than the venue in which a suit is filed. Further, Holsted adds that as each count in the First Amended Complaint relates directly to her Agreements with Plaintiffs, all counts are governed by those Agreements.[4] Holsted argues that, because this Court is the improper venue based on the Agreements between her and Plaintiffs, and because Dr. Holsted lacks the minimum Missouri contacts necessary to support a constitutional exercise of personal jurisdiction in this Court, dismissal is required under Federal Rules of Civil Procedure12(b)(2), 12(b)(3), and 12(b)(6).[5]

---

and will in all respects be interpreted, enforced and governed under the laws of the State of Minnesota. I hereby agree to consent to personal jurisdiction of the state and federal courts situated within the State of Minnesota for purposes of enforcing this Agreement, I waive an objection to personal jurisdiction and venue and I agree that any claim or action relating to or otherwise arising out of this Agreement shall be subject to this exclusive jurisdiction of those courts.

Employee Confidentiality, Non-Solicitation and Assignment Agreement [ECF Nos. 1-3 and 70-2 at ¶ 17]; Employee Non-Competition Agreement [ECF Nos. 1-4 and 70-3, at ¶ 8].

[4]Defendant Holsted argues *all* counts in the First Amended Complaint subject to the forum selection clauses in the Agreements, and states that Plaintiffs cannot argue that tortious interference or civil conspiracy are separate causes of action from their breach of contract claim, and not governed by the Agreements, because the claims involve the same operative facts as their parallel claim for breach of contract. [ECF No. 77, at 6].

[5]Defendant Holsted contends that, due to the presence of her Minnesota forum selection clauses, she may move to dismiss the claims against her for 1) "improper venue" under Federal Rule of Civil Procedure 12(b)(3); or 2)"failure to state a claim upon which relief can be granted," under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 77, at 4-5]. However, as Defendant notes, whether forum selection clauses are properly addressed under Fed. R. Civ. P. 12(b)(3) or (b)(6) is an open question in the Eighth Circuit. *Id. See also Rainforest Café, Inc. v. EklecCo, LLC,* 340 F.3d 544, 546 n.5 (8th Cir. 2003) (electing not to address the issue since motion to dismiss was brought under both subsections of Rule 12). This Court previously has dealt with forum selection clauses under *12(b)(3)* as a motion to dismiss for improper venue, and will continue to do so in the instant Motions. *Thomas v. Auto. Tech., Inc.*, No. 4:12CV00775 ERW, 2012 WL 3763750, at * 1(E.D. Mo. Aug. 29, 2012); *See also Tockstein v. Spoeneman,* No. 4:07CV0020 ERW, 2007 WL 3352362, at *2 (E.D. Mo. Nov. 7, 2007). As such, Defendant Holsted's claim under *12(b)(6)* will not be further addressed.

Defendant Sturm motions the Court to dismiss Plaintiffs' First Amended Complaint as it relates to her, for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Sturm alleges that the entire basis for Plaintiffs' claim that there is personal jurisdiction over her in Missouri, is the forum selection clause in her 2002 Non-Competition Agreement. [ECF No 79, at 1]. Sturm then argues that this Agreement is part of an illegal employment agreement, and void and unenforceable. *Id.* Sturm further contends that, because this agreement cannot support jurisdiction, and Sturm otherwise lacks the minimum contacts necessary to support a constitutional exercise of jurisdiction in this Court, the Motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(2). *Id.* at 2.

Plaintiffs oppose Defendant Holsted and Sturm's Motions to Dismiss. Plaintiffs argue that Holsted and Sturm waived their right to challenge personal jurisdiction under Rule 12(b)(2), and that Holsted also waived her right to challenge venue. As to Defendant Holsted, Plaintiffs contend that:

> Since TLC filed its Complaint against Holsted and the other Defendants, this Court has decided a motion for temporary restraining order, a motion for reconsideration, and has held a preliminary injunction hearing that lasted several days. Holsted participated in each of these proceedings, never raising a challenge to venue. Until now, Holsted never pleaded improper venue or lack of personal jurisdiction in any of her pleadings or written discovery responses. Nor were improper venue or lack of personal jurisdiction asserted during Holsted's deposition testimony. And, while Holsted's counsel stated at a hearing on November 2nd that Holsted was likely to challenge personal jurisdiction (no objection to venue was mentioned), she never did so until the instant motion.
6

[ECF No. 86, at 1-2]. Similarly, as to Defendant Sturm's waiver of personal jurisdiction, Plaintiffs state that:

> Sturm's assertion [of lack of personal jurisdiction] has been raised too late and thus, has been waived. Sturm failed to raise this argument in response to the TRO; she failed to raise it at the preliminary injunction hearing – where she appeared – or at any time prior to the hearing; and she failed to raise it in two preliminary injunction briefs.

[ECF No. 87, at 1-2].

## II. DISCUSSION

As an initial matter, the Court will address Plaintiffs' arguments that Defendants Holsted and Sturm waived their objections to personal jurisdiction and venue (as to Holsted). Both Defendants, in their Motions to Dismiss [ECF Nos. 76, 78], maintain that they properly raised these Rule 12(b) defenses. Defendants Holsted and Sturm claim that they raised these defenses in their October 21, 2012 Joint Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order [ECF No. 12] - deeming this response, their "first defensive move." [ECF Nos. 77, 79, at 1 n.1; and 88, 89, at 2]. Footnote 1 of this Response stated:

> The filing of this response to Plaintiffs' Motion for Temporary Restraining Order is not intended to submit to the jurisdiction of this Court or waive the defenses available to Defendants under Federal Rule of Civil Procedure 12(b)(2)-(3). Defendants intend to file a motion to dismiss for lack of personal jurisdiction and also file a motion to transfer this case to a United States District Court in Oklahoma pursuant to 28 U.S.C. § 1404 and § 1406.

[ECF No. 12, at 1 n.1].

Additionally, Holsted and Sturm state that their counsel remarked to the Court, at the October 22, 2012 hearing on Plaintiffs' Motion for Temporary Restraining Order, that a Motion to Dismiss for Lack of Personal Jurisdiction would be filed. [ECF Nos. 77, 79, at 1 n.1]. At this hearing, Defendants' counsel noted, "[t]here is no personal jurisdiction in our judgment as to some of the Defendants. [ECF No. 27-2, at 33]. Later this week we will be filing a Motion to Dismiss some of the Defendants for lack of personal jurisdiction." *Id.*[6] Defendant Holsted additionally argues against waiver, stating that she "highlight[ed] the Minnesota exclusive jurisdiction language in her Agreement in open Court on [sic]at the preliminary injunction hearing." [ECF No. 88, at 2].

Plaintiffs responsively argue that Holsted and Sturm have waived objections to venue and this Court's personal jurisdiction over them by their actions in this litigation. Plaintiffs contend that Defendants submitted to this Court's jurisdiction when their counsel (including pro hac vice counsel from Oklahoma) filed a general appearance on behalf of all Defendants without raising objections as to venue or personal jurisdiction. [ECF Nos. 86, at 4; 87, at 3]; *see also* [ECF Nos. 9-11, and 33-35]. Further, Plaintiffs allege that Defendants Holsted and Sturm participated in the TRO and Preliminary Injunction hearings without challenging venue or personal jurisdiction. Plaintiffs also point out that prior to filing the instant Motions, Holsted and Sturm submitted to the Court's Expedited Discovery Order, by responding to TLC's interrogatories and requests for production, and, as to Defendant Hosted, being deposed on November 8, 2012. [ECF Nos. 86, at 5; 87, at 4].

---

[6]At the same time, Defendants also noted their intention to file a motion to transfer on forum non conveniens grounds. *Id.*

Claims that venue and jurisdiction are improper may be waived by failing to "seasonably" make these assertions. *Hoffman v. Blaski,* 363 U.S. 334, 343 (1960); *Stockton Heartwoods, Ltd. v. Bielski*, No. 404CV1675 MLM, 2005 WL 3448057, at * 4 (E.D. Mo. Dec. 15, 2005). Both venue and jurisdiction are personal privileges of the defendant and both may be waived. *Leroy v. Great W. United Corp.*, 443 U.S. 173 (1978); *Neirbo Co. v. Bethlehem Shipbuilders Corp.*, 308 U.S. 165, 167-168 (1939); *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 701–705 (1982) (Because the personal jurisdiction requirement recognizes and protects an individual liberty interest, it may be waived). Under Federal Rule of Civil Procedure 12, improper venue and lack of personal jurisdiction defenses may be waived if they are neither raised by motion before the answer or asserted in the responsive pleading.[7] *See Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir. 1990); *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972). Rule 12, however, "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell*, 913 F.2d at 539 (quoting *Marquest Med. Prod. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 n.1 (D. Col. 1980)). As the Supreme Court stated in *Neirbo*, privilege defenses such as lack of personal jurisdiction or improper venue may be "lost by failure to assert (them) seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo*, 308 U.S. at 168. Rule 12's requirements are intended to avoid delay and simplify federal court proceedings. *Yeldell*, 913 F.2d at 539.

First, the Court will examine whether Defendants waived their Rule 12(b) defenses by failing to assert them seasonably. *See Neirbo*, 308 U.S. at 168; *Stockton Heartwoods, Ltd.*, 2005

---

[7]Rule 12(b) of the Federal Rules of Civil Procedure provides in this regard: "Every defense to a claim for relief in any pleading . . . must be asserted in the responsive pleading if one is required . . . But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction; (3) improper venue . . ." The Rule further provides: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

9

WL 3448057, at * 3. Holsted and Sturm assert that the these defenses were raised in their first defensive move, Defendants' Joint Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order. However, as noted above, Defendants merely indicated in a footnote that the response was not intended to waive the defenses available under Rules 12 (b)(2)-(3), and that they intended to file a motion to dismiss for lack of personal jurisdiction and a motion to transfer this case to Oklahoma pursuant to 28 U.S.C.§ 1404 and § 1406 . Defendants did not specifically indicate which of them would be at issue in their future motion. The Eighth Circuit has held that a personal jurisdiction defense must be raised in a clear and unambiguous way. *Network Prof"ls, Inc. v. Network Intern. Ltd.*, 146 F.R.D. 179, 182-183 (D. Minn. 1993) (citing *Alger*, 452 F.2d at 843). In *Alger*, the defendant stated in his answer that the court lacked jurisdiction, without specifying whether he was challenging subject matter jurisdiction or personal jurisdiction. 452 F.2d at 843. The Eighth Circuit held that the ambiguous statement in the defendant's answer was insufficient to preserve his personal jurisdiction defense, specifically stating that the record revealed that "defendant did not assert any objection to jurisdiction over his person in the answer filed." *Id.*

Here, Defendants' statement set forth in the footnote, is likewise ambiguous. [ECF No. 12, at 1 n.1]. It denotes a future intent to file a motion based on personal jurisdiction and a motion to transfer the case under §1404 and § 1406, but does not identify Holsted, Sturm, or any particular defendant as the subject of the forthcoming motions. Similarly, in the October 22, 2012 TRO hearing, Defendants only indicate that they will file a motion to dismiss based on lack of jurisdiction as to *some* of the Defendants, again, not identifying Holsted or Sturm

unambiguously. At this same hearing, improper venue under Rule 12(b)(3) was not addressed.[8]
Furthermore, Defendant Sturm was never specifically identified as challenging personal jurisdiction until the instant Motion was filed on December 21, 2012. The first time Defendant Holsted was specifically identified as contesting personal jurisdiction was during the November 2, 2012 hearing regarding Defendant nJoy's Motion to Reconsider and Vacate, after her own alleged "first defensive move." At this hearing, Counsel remarked that "We *likely* will file [a motion to dismiss for lack of personal jurisdiction] as to Holsted or just we'll bring it up at the hearing because technically as to Holsted, there's no personal jurisdiction." [ECF No. 42, at 13, emphasis added]. The *possibility* of challenging jurisdiction as to Holsted was also addressed on the last day of the preliminary injunction hearing. At this time, Defendants' counsel stated that, "[A]t the end of today, **although I'm not raising this right now**, there is no jurisdiction over Defendant Holsted . . ." [Hrg Transcript, Nov. 19, 2012, emphasis added]. Notably, improper venue was not addressed at either hearing by Defendant Holsted. So, while Holsted indicates that in the future she will likely raise a personal jurisdiction defense, it is not until the instant Motion that she clearly raises her objection to personal jurisdiction or venue. Thus, this Court finds that Defendants Holsted and Sturm failed to unambiguously raise the defense of lack of personal jurisdiction or venue in their first defensive move, or in the hearings that followed. The Court further concludes that as the defenses under 12(b)(2) and (3) were not clearly raised as to individual Defendants Holsted and Sturm until the Motions now before the Court, the Defendants lost the privilege of these defenses by their failure to assert them seasonably.

---

[8]Defendants did indicate that they were going to file a motion to transfer based on *forum non conveniens grounds*.

11

However, even in the absence of the Court's conclusion that Defendants did not seasonably raise personal jurisdiction or venue, the court also finds that the privilege of these 12(b)(2)-(3) defenses were lost by "submission through conduct." *See Neirbo*, 308 U.S. at 168. By its conduct a party may waive objections to personal jurisdiction. *MAK Automation, Inc. v. G.C. Evans Sales & Mfg. Co.*, No. 4:06CV1579 MLM, 2008 WL 185787 at * 3 (E.D. Mo. Jan. 18, 2008) (citing *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990); *Van Praag v. Columbia Classics Co.*, 849 F.2d 1106, 1109 (8th Cir. 1988) (citation omitted). Similarly, a defendant may waive her right to challenge venue by her actions. *Neirbo*, 308 U.S. at 168; *First Bank Business Capital, Inc. v. Agriprocessors, Inc.* 602 F. Supp.2d 1076, 1090 - 1091 (N.D. Iowa, 2009); *Marquest*, 496 F. Supp.2d at 1244.[9] In particular, by appearing before the court, a defendant may waive the defenses of personal jurisdiction and venue. *Stockton Heartwoods, Ltd.*, 2005 WL 3448057, at * 4; *MAK Automation*, 2008 WL 185787 at * 3 ("a defendant may submit to the jurisdiction of the court by appearance"). A defendant, however, may make a limited or special appearance for purposes of contesting personal jurisdiction. *Garrett v. Albright*, No. 4:06CV4137 NKL, 2008 WL 920310, at * 3 (W.D. Mo. Apr. 1, 2008). "If the appearing party requests relief or discloses a purpose that goes beyond challenging the jurisdiction of the court over the subject matter or the parties, the appearance will be considered general, and all jurisdictional challenges will be deemed waived." *Id.* (citing *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347 (8th Cir. 1988)); *Ins. Corp. of Ireland*, 456

---

[9]"If the defendant . . . by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue." *Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.,* 364 F.3d 884, 887–88 (7th Cir. 2004) (internal citations omitted).

U.S. at 703. On October 21, 2012, counsel for Defendants, including Holsted and Sturm, entered their appearance. The Court finds no indication that Defendants made their appearance, however, for the limited purpose of contesting personal jurisdiction or venue over Holsted or Sturm.

Additionally, Defendants Holsted and Sturm waived their personal jurisdiction and venue defenses by raising them after the court considered the merits or quasi-merits of the case. *Network Prof'ls*, 146 F.R.D. at 184 (finding waiver when defendants raised a personal jurisdiction defense after the court contemplated the merits or quasi-merits of the case in a preliminary injunction motion). Defendants appeared at the TRO hearing on October 22, 2012, and argued the merits of Plaintiffs' request for relief. *See Marquest*, 496 F. Supp. at 1246. (cited with approval by the Eighth Circuit in *Yeldell,* 913 F.2d at 539). Having submitted to the jurisdiction of the Court for purposes of the TRO, the Defendants could not assert a personal jurisdiction or venue defense after the TRO issued. Defendants Holsted and Sturm also appeared at the preliminary injunction hearing (November 13-19, 2012), again arguing the merits of Plaintiffs' Motion. Defendant Holsted's further argument that she "highlighted" the Minnesota exclusive jurisdiction language in her Agreement in open court at this preliminary injunction hearing is unpersuasive. The Court does not find the highlighting of a clause in an employment agreement the equivalent of unambiguously raising a Rule 12(b) defense.

Furthermore, not only did Holsted and Sturm avail themselves of the Court's procedures by their participation in the hearings, but also by their filing of documents. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). Prior to filing the instant motions on December 21, 2012, Defendants had filed a Joint Response to the TRO Motion, and Post-Preliminary Injunction Hearing Briefs. *See Id.* (by submitting extensive memoranda to the district court, a

defendant waives its right to contest personal jurisdiction).  As noted earlier, Plaintiffs also contend that Defendants submitted to the Court's expedited discovery order.  Defendants do not dispute that they responded to TLC's interrogatories and requests for production, and that Defendant Holsted was deposed.  Although availing themselves of the Court's proceedings, Holsted and Sturm did not file the instant Motions to Dismiss until two months after Plaintiffs filed their complaint.  Courts have found the passage of time a relevant factor in determining whether a defendant has waived jurisdiction.  *See Knowlton*, 900 F.2d at 1199; *MAK Automation*, 2008 WL 185787, at * 3.  Here, the Court finds that although Defendants generally indicated that motions to dismiss or transfer venue would be forthcoming, the two months that elapsed, and the litigation that transpired during these two months does not argue favorably for dismissal.

In sum, the Court finds, in considering the above factors, that the weight of Defendant Holsted and Sturm's conduct supports denial of their Motions to Dismiss.  Both Defendants failed to comply with the spirit of Rule 12, or its literal requirements. Whether Holsted and Sturm's surrender of their personal immunity is conceived negatively as waiver or positively as consent through conduct, the Court finds the privilege of these defenses lost.  Furthermore, the Court need not reach Holsted and Sturm's additional arguments related to venue and personal jurisdiction, as the Motions are properly denied on the grounds discussed above.

Accordingly,

Defendants Holsted and Sturm's Motions to Dismiss Plaintiffs' First Amended Complaint are denied.

**IT IS HEREBY ORDERED** that Defendants Dawn Holsted and Mary Jo'el Sturm's Motions to Dismiss Plaintiffs' First Amended Complaint [ECF Nos. 76 and 78] are **DENIED.**

Dated this  20th  day of May, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE